UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GABRIEL ALUNGBE | : | NO. 3:01CV0503(EBB) |
| *Plaintiff*, | : | |
| | : | |
| V. | : | |
| BOARD OF TRUSTEES OF | : | |
| CONNECTICUT STATE UNIVERSITY | : | |
| (CSU) SYSTEM, ET AL., | : | |
| *Defendants* | : | May 3, 2005 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**Discrimination Based on Race and national origin.**

**Purpose of the Statute**

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate against individuals on the basis of race, color, sex, national origin and religion.[1] The purpose of Title VII is to prevent discrimination in the workplace. The plaintiff/employee in this case claims that he was denied a promotion, and thus was treated less favorably than other similarly situated employees, because of his race or ethnic origin. The plaintiff/employee must then prove that the defendant/employer acted with a discriminatory motive.

**Burden of Proof**

The burden of proof is as follows. First, the plaintiff must establish by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he applied for and was qualified for the position or benefits sought; and (3) he suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. The burden then shifts to the

---

[1] 42 U.S.C. § 2000e-(2).

defendants to present a legitimate, nondiscriminatory reason for their decision.[2]  If the defendants assert a legitimate, nondiscriminatory reason for the decision, the burden shifts back to the plaintiff to prove that the defendants' stated reason for their decision was not their true reasons, but was a pretext for discrimination. At this stage, the plaintiff must satisfy his ultimate burden  in this case, that is, persuading you that the defendants intentionally discriminated against him because of his race or national origin. [3]

## Preponderance of the Evidence Standard

To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence that the defendants had a reason or motive to discriminate against him. "Preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendants' treatment of the plaintiff.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that race or ethnic origin was a motivating factor in the defendants' treatment of the plaintiff.

---

[2]    Authority:  McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142, 120 S. Ct 2097, 2106 (2002);  Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998).

Unlike other conditions and privileges of employment, a promotion is not something to which every employee is automatically entitled as a matter of course. Although an employee may be entitled to a certain minimum salary, by virtue of his position, he does not automatically become entitled to be promoted by virtue of his seniority.[4]

To determine whether the defendants intentionally discriminated against the plaintiff under Title VII, you must decide whether race or national origin accounted for the employer's decision not to promote the plaintiff to the position of associate professor at CCSU.[5]

### Direct Evidence of Disparate Treatment

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's race was a factor in the defendants' actions in not choosing the plaintiff for the Associate Professor position in 1999 from which the plaintiff claims he suffered some adversity.

### Indirect Evidence of Disparate Treatment

In this case, the plaintiff must prove by a preponderance of his evidence that his race or national origin was a motivating factor in the defendants' decisions.  The plaintiff's race or national origin was a motivating factor if you find that it played an impermissible role in the defendants' decision, even though other factors may have also played roles in that decision.

You must consider any legitimate nondiscriminatory reason or explanation stated by the defendants for their decision.  If you find that the defendants have stated a valid reason, then you must decide in favor of the defendants unless the plaintiff proves by a preponderance of the

---

[3]     Authority: St. Marys Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Brennan v. Metropolitan Opera Ass'n., Inc., 192 F.3d 310, 317 (2d Cir. 1999); Fisher v. Vassar College, 114 F.3d 1332, 1336 (2d Cir. 1997); Bailey v. Colgate-Palmolive Co., 2003 U.S. Dist. LEXIS 8175 (S.D.N.Y. 2003).
[4]     Davis v. Bowes, 1997 U.S. Dist. LEXIS 16258 (S.D.N.Y. 1997), aff'd, 159 F.3d 1346 (2d Cir. 1998).
[5]     Gerhing v. Case Corp., 43 F.3d 340, 344 (7th Cir. 1994).

evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of his membership in a protected class.

If you determine that plaintiff's race or national origin was a substantial motivating factor in the claimed adverse decision of the Board of Trustees and Central Connecticut State University, you must find for the plaintiff. If, on the other hand, you find that plaintiff's race or national origin was not a motivating factor in the decisions, you must find for the defendants Board of Trustees and Central Connecticut State University.

**Pretext**

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his membership in a protected class was more likely the reason for the defendant's adverse employment decision than the reason stated by the defendants. The plaintiff can also attempt to prove that the defendants' stated reason for their employment decisions regarding the plaintiff is a pretext by persuading you that it is just not believable.

When you consider the plaintiff's evidence that the reason advanced by the defendants is a pretext, keep in mind that the relevant question is whether the defendants' reason was not the real reason for its action(s). The question is not whether the defendants' reason for not promoting the plaintiff showed poor or erroneous judgment.

You are not to judge the defendants' wisdom for making the selection it did. The fact that you may personally disagree with the choices made by the defendants is not proof of discrimination. The defendants would be entitled to make their decision for a good reason, a bad

4

reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.[6]

It is not enough for the plaintiff simply to prove that the defendants' stated reason for their decision was not the true reason. The reason for this is that the plaintiff always must prove by a preponderance of the evidence that he was treated differently because of his race or national origin. Therefore, even if you decide that the defendants did not truly rely on the stated reason for their decisions, you cannot decide in favor of the plaintiff without further evidence that the defendants relied instead on the plaintiff's race or national origin.

**Mixed Motive-Plaintiff's Burden**

The plaintiff has introduced evidence that he claims demonstrates that an illegitimate consideration – race and national origin – was a motivating factor in the defendants' decision to deny his request for promotion in 1999. If you believe the plaintiff's evidence, and are persuaded by a preponderance of the evidence that race or national origin was a motivating factor, even though other legitimate factors motivated the defendants' decision, then you must find for the plaintiff unless you find that the defendants would have made the same decision even if it had not taken his race or national origin into account.[7]

I instruct you that even if you find, by a preponderance of the evidence, that the defendants intentionally discriminated against the plaintiff, you must still consider the defense offered by the defendant before you reach a verdict.

---

[6] Authority: Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999); Gray v. New England Tel. and Tel, Co., 792 F.2d 252, 255 (1st Cir. 1986); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n. 3 (8th Cir. 1985), cert denied, 475 U.S. 1050 (1986).

[7] *Danzer v. Norden Systems, Inc.,* 151 F.3d 50 (2nd Cir 1998).

The defense offered by the defendants is that even if you find that the defendants intended to discriminate, nonetheless it would have reached the same decision regarding plaintiff, even absent discrimination. If you find from all the evidence that this is more likely true than not true, then you must reach a verdict in favor of the defendant.

The reason for this is that if the defendant would have acted as they did in any event, then the plaintiff has not been harmed by the defendant's conduct, and therefore plaintiff is not entitled to monetary relief under federal law.[8]

### Remedies Under Title VII: Generally

If you find in favor of the plaintiff on any of his claims under Title VII, then you must consider the issue of damages. I will now instruct you on the laws that govern your determination of damages. Bear in mind the fact that I am instructing you on the elements of damages does not mean that I have any opinion on whether or not the defendants should be held liable. I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[9]

---

[8]  *Tyler v. Bethlehem Steel,* 958 F.2d 1176 (2nd Cir. 1992); *Scott v. Bell Atlantic Mobile,* 2002 U.S. Dist. LEXIS 6357 (S.D.N.Y. 2002); Modern Federal Jury Instructions No. 87-23.

[9]  Authority: Adapted from 4 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction 77-1 (September 1997).

Title VII provides that "[i]f the court finds that the defendants Board of Trustees and Central Connecticut State University have intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . The court may enjoin the defendants from engaging in such unlawful practice . . . and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . Or any other equitable relief as the court deems appropriate."

### Compensatory Damages Under Title VII

If you find that the plaintiff has proven his claim, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, he deserves. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should, in fact, be held liable or whether the plaintiff has suffered any actual harm. You must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that he suffered actual harm; and second, has he proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendants' actions, then you must decide on the amount of money that will compensate him for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply.

However, you must not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, he need not prove his damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendant. Federal law does not allow you to award punitive damages against the government or a government agency. Therefore, you may not award damages intended to punish the defendant.

NOMINAL DAMAGES

If you find in favor of the plaintiff on his claim, but also find that the plaintiff's damages have no monetary value, then you may return a verdict for the plaintiff in the nominal amount of one ($1.00) dollar.

CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of Title VII. Thus, even if you find that the defendant discriminated against the plaintiff, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered.

The defendant may avoid damages if it can show that, even absent the alleged discrimination, the defendant would have taken the same action with regard to the plaintiff and, therefore, that even absent the alleged discrimination, the plaintiff would have suffered the same harm. The burden is on the defendants to prove that they would have reached the same decision, and, in proving it, they must show that they would reach the same decision at the time of the violations of the plaintiff's rights.[10]

**ADDITIONAL REQUESTS**

The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants can not reasonably anticipate how the evidence will

---

[10] Authority: Carey v. Piphus, 435 US 247, 98 sect. 1042, 55 L.Ed.2d 252 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 US 274, 97 sect. 568, 50 L.Ed.2d 471 (1977); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982); Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991).

be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail:
Joseph.Jordano@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's Proposed Jury Instructions and Jury Form was mailed this 3d day of May, 2005, first class, postage prepaid to all counsel and parties of record:

    Joseph Moniz, Esq.
    Moniz, Cooper & McCann, LLP
    100 Allyn Street
    Hartford, CT 06103

_____
Joseph A. Jordano
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DR. GABRIEL D. ALUNGBE | : | CIVIL ACTION NO. 3:01CV00503(GLG) |
| *Plaintiff*, | : | |
| | : | |
| V. | : | |
| BOARD OF TRUSTEES OF | : | |
| CONNECTICUT STATE UNIVERSITY | : | |
| (CSU) SYSTEM, ET AL., | : | |
| *Defendants* | : | May 3, 2005 |

**DEFENDANTS' PROPOSED JURY VERDICT FORM**

**Title VII**

1. Did plaintiff Gabriel Alungbe prove that defendants Board of Trustees and Central Connecticut State University discriminated against him based on his race or national origin when he was denied a promotion in 1999?

    Yes _____   No_____

If the answer to the preceding question is No, proceed no further. If your answer is yes, proceed to question 2.

2. If the plaintiff proved by a preponderance of the evidence that his race or national origin was a motivating factor in the decision to deny him a promotion, has the defendant proven by a preponderance of the evidence that it would have taken the same action even if it had not taken the plaintiff's race or national origin into account.

    Yes _____   No_____

If you have answered "yes" to Question 2, then your deliberations are at an end. The foreperson should sign and date this form and notify the marshal that you have reached your verdict. If you have answered "No" to question 2, then proceed to questions 3 and 4.

    3.    Did plaintiff Gabriel Alungbe prove that a violation of his right to be free from discrimination in employment on the basis of his race or national origin was the proximate cause of any financial losses, keeping in mind any instruction on damages?

    Yes____    No____

    4.    Did plaintiff Gabriel Alungbe prove that a violation of his right to be free from discrimination in employment on the basis of his race or national origin was the proximate cause of any mental, physical or emotional distress sustained by him?

    Yes _____    No _____

If the answer to questions 3 and/or 4 is yes, what, if any, amount of money did plaintiff Gabriel Alungbe prove will fairly and reasonably compensate him for mental, physical and emotional distress?

$ _____

5.   If plaintiff Gabriel Alungbe has failed to prove actual damages, then do you find an award of one dollar in nominal damages appropriate?

Yes _____   No _____

13

                            DEFENDANTS

                            RICHARD BLUMENTHAL
                            ATTORNEY GENERAL

BY:                  _____
                          Joseph A. Jordano
                          Assistant Attorney General
                          Federal Bar # ct21487
                          55 Elm Street, P. O. Box 120
                          Hartford, CT 06141-0120
                          Tel: (860) 808-5340
                          Fax: (860) 808-5383
                          E-mail:
                          Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing Defendant's Proposed Jury Instructions and Jury Form was mailed this 3d day of May, 2005, first class, postage prepaid to all counsel and parties of record:

    Joseph Moniz, Esq.
    Moniz, Cooper & McCann, LLP
    100 Allyn Street
    Hartford, CT 06103

                          _____
                          Joseph A. Jordano
                          Assistant Attorney General