**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DR. GABRIEL D. ALUNGBE | : | CIVIL ACTION NO. |
| 3:01CV0503(EBB) | : | |
|     *PLAINTIFF*, | : | |
| | : | |
| V. | : | |
| BOARD OF TRUSTEES OF | : | |
| CONNECTICUT STATE UNIVERSITY | : | |
| (CSU) SYSTEM, ET AL., | : | |
|     *DEFENDANTS* | : | MAY 16, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' WITNESSES AND EXHIBITS AS LISTED IN THE JOINT TRIAL MEMORANDUM DATED MAY 3, 2005**

**Defendants' Exhibits**

1. 1999 application for promotion and curriculum vitae for Gabriel Alungbe

2. Memo to Richard Judd from Dean Zdzislaw Kremens, dated 12/10/99

3. School of Technology worksheet for Pearl Bartelt

**OBJECTION:**   Plaintiff reserves the right to object re: handwriting.

    4.    1999 University Wide Committee list of faculty promotion applicants for School of Technology (Assistant to Associate Professor)

    5.    Special Assessment  October 16, 2000

**OBJECTION:** Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value.[1]

    6.    Special Assessment April 29, 2004

**OBJECTION:** Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value.[2]

    7.    Memo to Dean Kremens from Gabriel Alungbe, dated 12/13/00

    8.    Mission Statement of CCSU School of Technology, dated 1/10/00

**OBJECTION:** Relevance.

---

[1] Plaintiff requests a hearing on this objection at the time the defendants' Motion in Limine is heard.
[2] Plaintiff requests a hearing on this objection at the time the defendants' Motion in Limine is heard.

      9.      Memo to President Judd from Dean Z.B. Kremens, dated 12/14/00

      10.      Sample complaints from Engineering students

**OBJECTION:**    Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value; authentication.[3]

      11.      CHRO "No Reasonable Cause" finding for charge #16a01368, dated 12/14/00

**OBJECTION:**    Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value. This supersedes the ultimate opinion of the jury.

      12.      Memo from Laurie Dean, CCSU Affirmative Action Officer to Richard L. Judd, dated 6/6/00.

**OBJECTION:**    Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value. This supersedes the ultimate opinion of the jury.

---

[3] Plaintiff requests a hearing on this objection at the time the defendants' Motion in Limine is heard.

    13.    Minutes of faculty meeting on March 2, 2000

**OBJECTION:**    Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value. This supersedes the ultimate opinion of the jury.[4]

    14.    1991 DEC evaluation for the plaintiff w/ plaintiff's response

**OBJECTION:**    Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403; prejudicial effect substantially outweighs the probative value; prejudicial effect substantially outweighs the probative value.[5]

    15.    2000-2001 Promotion list for CCSU (applied for in 1999 for following academic year).

    16.    1999-2000 University Wide promotion Request Sheet with notes of Donna Munroe for Technology promotion candidates (Assistant to Associate Professor for 1999-2000)

    17.    1999-2000 University Wide promotion Request Sheet w/ notes of Donna Munroe for Professor Karen Tracey from School of Technology

    18.    Article entitled *Geotextiles in Flexible Pavement Construction* by Gabriel Alungbe.

---

[4] Plaintiff requests a hearing on this objection at the time the defendants' Motion in Limine is heard.

[5] Plaintiff requests a hearing on this objection at the time the defendants' Motion in Limine is heard.

**Defendants' Witnesses**

**David Carter, President of Eastern Connecticut State University.**

**OBJECTION:** Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403. (While we do not know what Dr. Carter would testify to, it certainly cannot relate to relevant facts in this case and would in all likelihood be based on hearsay if it involves the Plaintiff and these Defendants and not Eastern.)

**Christopher Todd Evans**

**OBJECTION:** Hearsay under Rules 801 and 802; relevance under Rules 401, 402 and 403.

                                  PLAINTIFF

                                  By_____
                                      Joseph A. Moniz (ct04316)
                                      Moniz & Associates
                                      100 Allyn Street
                                      Hartford, CT  06103
                                      Tel. (860) 278-0200
                                      His Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5340

_____

Joseph A. Moniz