UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DR. GABRIEL D. ALUNGBE             :        CIVIL NO. 3:01CV00503(EEB)
    *PLAINTIFF*,                          :
                                          :
                                          :
    V.                                    :
                                          :
BOARD OF TRUSTEES OF              :
CONNECTICUT STATE UNIVERSITY      :
(CSU) SYSTEM, ET AL.,             :
    *DEFENDANTS*                        :        MAY 16, 2004

**MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE OR TO EXCLUDE EXHIBITS**

**INTRODUCTION**

    This case presents a very narrow legal issue. The only remaining claim before the court involves former President Richard Judd's decision in the fall of 1999 to deny the plaintiff's application for promotion for the 2000-2001 academic year. The district court dismissed all of the plaintiff's other claims on summary judgment.

    The evidence will be un-contested that Richard Judd was not named President of CCSU until the summer of 1996. Prior to that date, he had no power over or direct involvement, in the promotion decisions involving the CCSU School of Technology. In 1996 when Dr. Judd assumed the CCSU presidency, the Dean of the School of Technology was Dr. Jon Wright.  In the summer of 1997, Jon Wright left CCSU, and was succeeded by Interim Dean Andrew Baron. Dean Baron served until the fall of 1998, when Dr. Z.B. Kremens was named Dean of the School of Technology.  In 1999, the only two people from the list of people mentioned above who were involved in the promotion process were Dean Kremens and President Judd.  Former Presidents Shumaker and

Harris, former Vice- President Beyard, and former Deans Baron and Wright were gone from their positions within CCSU.

Despite these facts, the plaintiff's exhibit list is filled with documents and information pertaining to Alungbe's disagreements with former Dean Wright and communications with other university employees who HAD NO INVOLVEMENT in the 1999 promotion process.  It is correct that some of the people mentioned, President Harris, Dean Wright and Dean Baron were involved in prior applications by the plaintiff for promotion in 1996 and 1997.  But these applications are not before the court. More disturbing is the plaintiff's apparent attempt to adduce evidence about experiences unrelated to his 1999 application dating back to 1991.

### THESE EXHIBITS REGARDING MATTERS NOT BEFORE THE COURT AND THAT DO NOT INVOLVE DR. RICHARD JUDD ARE IRELEVANT TO THE CASE.

The defendants submit that the plaintiff's inclusion of many exhibits that do not bear upon the 1999 promotion process, nor involve Richard Judd, are inadmissible. The only conceivable basis for these exhibits is to confuse the jury and prolong the trial. There is no dispute that Dr. Richard Judd was the ultimate decision maker regarding the plaintiff's 1999 application for promotion. Dean Kremens, the Dean at the School of Technology at the time, recommended the plaintiff for promotion. Therefore, any evidence by the plaintiff about his complaints against other Deans, Presidents, or CCSU employees is immaterial.  **Defendants remind the court that the plaintiff retaliation**

2

**claims for filing a complaint of discrimination or retaliation in 1996-97 and 2000 have been dismissed. (See summary judgment ruling pages 12-14). Furthermore, the plaintiff's claims premised upon his prior applications for promotion (1996-1998) have also been dismissed.**

The prima facie elements for a failure to promote claim are: (a) he is a member of a protected class, (b) the plaintiff applied and was qualified for the position, (c) the plaintiff suffered an adverse employment action and (d) under circumstances giving raise to an inference of intentional discrimination. Reeves v. Sanderson Plumbing Products, Inc, 530 U.S. 133, 142 (2002). Consistent with these elements and the requirement to show pretext, to be admissible the evidence must be probative of discrimination by Richard Judd in 1999. Plaintiff's attempt to put the CCSU School of Technology on trial to divert attention away from the critical legal issue, racial animus by Dr. Judd, will only confuse the jury and prolong the trial.[1]

As has already been pointed out in the defendant's prior motion in limine, the plaintiff should be precluded from attempting to litigate the plaintiff's prior applications for promotion in 1996-1998. Not only did these applications involve different decision makers and reviewers, but they have been dismissed. No inference can be drawn from

---

[1] The plaintiff has marked 70 exhibits and identified 14 witnesses, 10 of which were not involved in the 1999 promotion. Dean Wright was only involved in the plaintiff's 1996 and 1997 promotion applications while President Judd was in office. If all the witnesses and exhibit are offered, this case will take well more than the four days scheduled.

the prior denials of promotion not before the court, but the reference to such will

necessitate a defense to each instance.

The defendant brings this matter to the court's attention because this case could

easily expand well beyond the narrow legal and factual issues if the plaintiff is given free

rein to adduce the evidence he desires.  The plaintiff should be required to make a

detailed offer of proof so as not to prejudice the defendants is objections at trial are

ultimately sustained.

WHEREFORE the above exhibits should be excluded.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____
       Joseph A. Jordano  (ct 21487)
       Assistant Attorney General
       55 Elm Street, P. O. Box 120
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the  16th day of  May, 2005, a true and

accurate copy of the foregoing was hand delivered to the following:

        Joseph Moniz, Esq.
        Moniz, Cooper & McCann, LLP
        100 Allyn Street
        Hartford, CT  06103

                                          _____

                                          Joseph A. Jordano
                                        Assistant Attorney General