**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DR. GABRIEL D. ALUNGBE, | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 301CV503 (EBB) |
| | : | |
| VS. | : | |
| | : | |
| BOARD OF TRUSTEES OF | : | |
| CONNECTICUT STATE | : | |
| UNIVERSITY (CSU) SYSTEM, | : | |
| ET AL | : | |
| DEFENDANTS | : | MAY 13, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION IN LIMINE**

**I.    INTRODUCTION**

The Plaintiff, Gabriel Alungbe, submits this Memorandum of Law in Opposition to the Defendants' Motion In Limine to exclude: 1) a Diversity Climate Audit Report For the School of Technology Central Connecticut State University (hereinafter "The Report") and 2) Gabriel Alungbe's applications for promotion prior to 1999.  As a preliminary matter, the Defendants' motion in limine and the attached Affidavit of Donna Munroe state that the process involved with The Report occurred in 1996.  However, The Report itself, attached to the Defendants' motion, clearly states that it was not officially authorized to begin until

April 1, 1997. The attached copy of The Report also indicates that the process involved in preparing The Report occurred between April and May of 1997, resulting in publication in June of 1997. Hence, the Affidavit of Donna Munroe and many of the arguments in the Defendants' memorandum are based on erroneous information, i.e., that The Report was prepared in 1996. Therefore, since the Defendants have either objected to the wrong report or based their argument on factually incorrect information, their argument for exclusion should be disregarded. For the reasons set forth, the court should deny that motion in whole or in part.

II.   **THE REPORT IS RELEVANT BECAUSE THE CONTENTS OF THE REPORT HAVE THE TENDECY TO MAKE IT MORE PROBABLE THAT GABRIEL ALUNGBE WAS NOT PROMOTED IN 1999 DUE TO RACIAL DISCRIMINATION.**

Section 401 of the Federal Rules of Evidence ("Federal Rules") defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule § 402 provides in relevant part "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."   Accordingly under

the applicable standard for admissibility, the preliminary question is simply whether the contents of The Report tend to make it more probable than not that Gabriel Alungbe was not promoted in 1999 due to racial discrimination.

The applicable legal standard does not require that the proffered evidence alone be dispositive of the issue of whether the failure to promote was due to racial discrimination. The standard merely requires that the proffered evidence has a tendency to make the fact more or less probable. Clearly, there is material within the objected to Report that meets this threshold for admissibility. For example, in The Report on page ten it states, "It is also important to point out that, as a subculture to the outside world, and reflecting the traditional white male technology field, sexist and racist attitudes and behaviors do exist and occur at the School of Technology." This recognition of the existence of racist attitudes and behaviors at the School of Technology is certainly relevant to a claim of racial discrimination by a professor in the School of Technology.

Although this admission alone may not prove that the failure to promote was caused by racial discrimination, such an admission is clearly relevant to a claim of racial discrimination. The allowance of such evidence is especially warranted given the difficulty of proving racial discrimination. Absent an obvious admission or egregious racial remarks, which seldom occur, racial discrimination is not easy to establish. The existence of

continued racial discrimination is clear, yet it is rarely overt. Hence, an admission that within the School of Technology racist attitudes and behaviors exist is quite relevant and should be admissible absent the Defendants providing a specific legal basis for excluding The Report.

We would also note that the Defendants have failed to cite any controlling authority to support their position for exclusion of The Report. Additionally, the Defendants argue that The Report is unduly prejudicial because it occurred prior to the term of President Judd. However, this is not true. The Affidavit of Donna Munroe states that President Judd was appointed President in June of 1996. As previously noted, The Report on its face states that it was authorized on April 1, 1997 and was published in June of 1997. Therefore, contrary to the Defendants' disingenuous argument, the Report occurred during the course of Judd's time as President. Accordingly, as the basis for the Defendants' argument regarding the report being overly prejudicial is factually incorrect, it should be disregarded. Absent a factually valid argument that The Report is overly prejudicial, The Report should be admitted into evidence because it is relevant.

### III. THE REPORT IS NOT INADMISSIBLE HEARSAY BECAUSE IT IS AN ADMISSION BY THE DEFENDANTS, THUS NON-HEARSAY, AND IT ALSO QUALIFIES AS AN EXCEPTION TO THE HEARSAY RULE.

The Defendants argue that The Report is inadmissible hearsay and contains hearsay within hearsay. The Report as a whole is not inadmissible hearsay because it is an admission of a party opponent and therefore not considered hearsay. In addition, The Report is not inadmissible hearsay because it qualifies under either the public record or business record hearsay exception. Federal Rule § 801(2) provides in relevant part:

> **Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

The Report in question clearly qualifies under Rule 801(2) as an admission by a party opponent because The Report was prepared by an agent of the School during the course of the agency and the preparation of The Report was within the scope of the agency. This School hired and authorized Tulin Diversiteam Associates to prepare The Report on behalf of the School. Clearly, statements contained in The Report concerned a matter within the scope of the agency and occurred during the course of the

relationship.  Additionally, the School adopted The Report and utilized The Report in the course of conducting business.  Accordingly, The Report as a whole is admissible under Federal Rule of Evidence 801(2).

In addition to qualifying as a party admission, The Report is also admissible under either the public record of business record exception to the hearsay rule.

Accordingly, The Report as a whole is admissible under the applicable legal standard.  It is possible that there are portions of The Report which contain hearsay within hearsay that may be inadmissible.  However, the burden is on the Defendants to object specifically to any inadmissible portion of The Report and state a valid legal basis for inadmissibility.  Since the Defendants have failed to do so, the Plaintiff is unable adequately to address any specific portion of The Report that may properly be stricken prior to admission into evidence.

WHEREFORE, for all of the foregoing lawful and just reasons, the Plaintiff respectfully requests this Honorable Court to deny the Defendants' Motion in Limine.

PLAINTIFF

By _____
Joseph A. Moniz, Esq. (ct04316)
Moniz& Associates
100 Allyn Street
Hartford, CT  06103
(860) 278-0200
Attorneys for the Plaintiff

**CERTIFICATION**

      A copy of the foregoing was sent via facsimile and mailed this date, postage prepaid, to:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5340

_____
Joseph A. Moniz