UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DR. GABRIEL D. ALUNGBE | : | NO. 3:01CV00503(EBB) |
| *PLAINTIFF*, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF TRUSTEES OF | : | |
| CONNECTICUT STATE UNIVERSITY | : | |
| (CSU) SYSTEM, ET AL., | : | |
| *DEFENDANTS* | : | MAY 16, 2005 |

**DEFENDANTS' REPLY TO PLAINTIFF'S**
**RESPONSE TO THE MOTION IN LIMINE**

The plaintiff's response to the motion in limine does little to refute the evidentiary basis for the reported inadmissibility of the 1996 report.[1]  For instance, contrary to erroneous assertions by plaintiff's counsel, what Ms. Monroe stated was the report was commissioned shortly after President Judd arrived in the fall of **1996**, based on complaints made by two female employees against former Dean Jon Wright, who left the University in 1997.  The fact that the interviews of various faculty occurred in early 1997 has no relevance to President Judd or Dean Kremens for a promotion application that occurred over **TWO YEARS later in late 1999**.  Dean Wright was not the Dean who recommended Alungbe for promotion in 1999.  To say that unidentified opinions of faculty can be imputed to President Judd having been appointed as President only 5 months earlier and further extrapolated without foundation to a decision that occurred two years later, is specious.

---

[1] The defendant refers to the year of the report as 1996 because that is when it was commissioned. That year or the date of the final report in May 1997 refers to the same report.

Defendants also note that the plaintiff doesn't even attempt to explain how a report, that on its face contains a express disclaimer noting that the report was NOT fact specific to any particular grievance, can be anything by unfairly prejudicial. More disconcerting is the total absence of any reference by plaintiff's counsel to the federal case of <u>Crumpacker v. Kansas Dept. of Human Resources</u>, 2004 WL 1846146 (D. Kan. 2004), in which the court rejected a similar type report on hearsay grounds.

## THE REPORT CONTAINS HEARSAY

Counsel's suggestion that the report is the statement of a party opponent under Rule 801(d)(2) is a half truth. The report actually contains two levels of hearsay. The report itself as a statement of Tulin and Associates is level one. The opinions of faculty (not statements of fact) upon which the report is based is level two.

As to level one, the report may be an admission of a party opponent. But that does not vitiate level two, the opinions stated therein are hearsay because they cannot be specifically identified and cross examined, which is the test of hearsay. Imagine the unidentified opinions of whomever, as anything other than hearsay.

## UNFAIRLY PREJUDICIAL

Then there is the issue of the prejudicial affect of a report that was conducted over 3 months in early 1997 for a period that pertained to actors other than President Judd and Dean Kremens.[2] More importantly, the type of unsubstantiated opinions are so inflammatory as to make any probative value meaningless. The plaintiff seeks to admit

---

[2] The un-refuted evidence will be that dean Kremens, the Dean of the School of Technology in 1999, recommended the plaintiff for promotion, so how can opinions about a different prior Dean be material to this case.

2

these opinions of Tulin and Associates because he has no actual evidence that President Judd denied him a promotion because of his race. Instead, he hopes to sling as many unsubstantiated negative comments or opinions about the CCSU School of Technology hoping that some will unfairly taint President Judd.[3]

More disconcerting is the fact that the report speaks to other issues (polarization, communication difficulties, political differences, Dean's leadership, etc.) that have no relevancy to this case. The writer never makes the factual assertion that any of the 1999 decisions makers possessed or exhibited a racially discriminatory animus towards anyone. There are no specific acts of discrimination mentioned in the report. The consultants did not examine the promotion process over several years, thereby making any opinions that much less probative. The report is at points critical of former Dean Jon Wright, who left CCSU in 1997 to be succeeded by two different Deans (Dean Baron and Dean Kremens). Ultimately, the 1996 report does not bear on the facts regarding the plaintiff's application for promotion in 1999, which is the only matter before the court.

## CONCLUSION

The 1996 (or 1997 which ever the court prefers) report by Tulin and Associates must be excluded on various evidentiary grounds. If admitted, the report will inflame and confuse the jury, only to unnecessarily extend the trial.

---

[3] The un-refuted testimony will be that the plaintiff was granted tenure by Dr. Judd several months after he was appointed President in 1996, thereby diminishing any casual nexus under the "same actor doctrine." See Grady v. Affiliated Central, Inc., 130 F.3d 553 (2nd Cir. 1997).

        DEFENDAN TS,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
     Joseph A. Jordano  (ct 21487)
     Assistant Attorney General
     55 Elm Street, P. O. Box 120
     Hartford, CT 06141-0120
     Tel: 860-808-5340
     Fax: 860-808-5383
     email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 16th day of May, 2005, a true and accurate copy of the foregoing was hand delivered to the following:

Joseph Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT  06103

_____
Joseph A. Jordano
Assistant Attorney General