UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. GABRIEL D. ALUNGBE | : NO. 3:01CV00503(EBB) |
| PLAINTIFF, | : |
| V. | : |
| BOARD OF TRUSTEES OF CONNECTICUT STATE UNIVERSITY (CSU) SYSTEM, ET AL., | : |
| DEFENDANTS | : MAY 23, 2005 |

United States District Court
District of Connecticut
FILED AT        NEW HAVEN

May 24, 2005
Kevin F. Rowe, Clerk
By B. Koelle
Deputy Clerk

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

On May 20, 2005, Z.B. Kremens, the Dean of the School of Technology at CCSU, was served with a subpoena that commanded him to appear at trial on May 24 and bring with him then following:

1. Curriculum vita of Sanford E. Rich, Daryil C. Dowty, Davis Stec, Dr. Deborah Zanella and Dr. Stuart Bennett

2. Copies of any and all publication by Sanford E. Rich, Daryil C. Dowty, Davis Stec, Dr. Deborah Zanella and Dr. Stuart Bennett

3. All documents submitted by Dr. Gabriel Alungbe in 1999, together with his application for promotion for the school year 2000-01, and reviewed by the Department Evaluation Committee and Promotion and Tenure Committee.

4. Documentation of Dr. Alungbe's annual salary from 1999 to date.

5. Documentation of the annual salary of each associate and each full professor in the school of technology from 1999 to date.

6. Job descriptions and qualifications for the position of Assistant Professor, Associate Professor and Professor in the School of Technology.

3

***The plaintiff did not apparently request this specific material in discovery and no mention of any of these documents appears on the plaintiff's exhibit list.*** The first that defense counsel learned of the request was on <u>May 23, 2005</u>. No only are most of these documents not in the possession of Dean Kremens, but apparently plaintiff expects the University to begin gathering all the wage records for each faculty member in the school of technology as well as the other documents requested. The stated purpose of discovery is to avoid unfair surprise. The plaintiff should have conducted discovery and gathered any necessary information in order to prepare his case for trial and to provide the court with an accurate exhibit list. To often counsel(s) mistakenly think that they can just supplement their exhibit list through last minute subpoenas. There is no reason why this information could not have been obtained through discovery. The standing order on pretrial memorandums is designed to prevent this very situation.

The defendants object to the plaintiff's attempt to conduct discovery on the eve of trial and to presumptively add trial exhibits that the defendant has not been given an opportunity to fully evaluate so as to defend against any adverse inference that the plaintiff might seek to advance. Not only has the plaintiff failed to adduce financial information for his claim of lost wages, but his attempt to compare himself to other faculty based on individual salaries alone lacks foundation because there is no way to compare people with different years of service. Such a comparison amounts to speculation and is unfairly prejudicial. Defendant reminds the court that the plaintiff designated no financial expert or

4

anyone else to opine how much Dr. Alungbe would have made had he been promoted in 1999.

The plaintiff's request for the resumes and publications of other faculty is irrelevant, lacks foundation and is speculative absent the full application dossier (portfolio) prepared and presented by each faculty member as part of the promotion process. The university does not retain the full portfolio of faculty application materials, which are often quite voluminous. Though some of the faculty listed in the subpoena were promoted by Richard Judd, he cannot be expected to recall from memory the specific basis for his professional judgment that each faculty member satisfied the criteria for promotion without seeing the complete portfolio.[1] For all but two of the faculty listed in the subpoena, *a different Dean and P&T committee looked at their promotion material* in a different year  Only three faculty from the School of Technology were up for promotion in 1999-2000. They were Dr. Gabriel Alungbe, Dr. Deb Zannella and Dr. Karen Tracey.[2] Therefore, a comparison of other faculty based on a resume alone is speculative, lacks foundation, is unfairly prejudicial and constitutes unfair surprise.

Even if a hypothetical comparison of resumes were possible, it is not the role of the jury to second guess the business judgment of the defendant. <u>Blake-McIntosh v. Cadbury Beverages, Inc.</u>, 1999 U.S. Dist. LEXIS 16550 (D. Conn.

---

[1] Defendant contends that the basis for President Judd's subjective evaluation of a particular faculty member's "creative activity" appropriate to one's field required an individualized evaluation of the information unique to the portfolio prepared by the each particular faculty member seeking promotion.

[2] One faculty member, Mr. Stec, was hired in 2004 and has not yet come up for promotion or tenure.

5

August 10, 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 252, 255 (1st Cir. 1986); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n. 3 (8th Cir. 1985), cert denied, 475 U.S. 1050 (1986).  The fact that the plaintiff may disagree with President Judd's analysis of his portfolio as compared to others does not afford a legal basis for a fishing expedition and unfounded inferences.

The Defendants request a hearing with the court before trial to address this matter more fully.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano   (ct 21487)
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
Email: Joseph.Jordano@po.state.ct.us

6

## CERTIFICATION

The undersigned hereby states that on May 23, 2005, a true and accurate copy of the foregoing Memorandum was sent by facsimile transmission to:

Joseph Moniz, ESQ  (via fax 860-278-2212)
Moniz & Associates
100 Allyn Street
Hartford, CT 06103

Hon. Ellen B. Burns  (via fax 203-773-2148)
United States District Court
141 Church Street
New Haven, CT

_____
Joseph A. Jordano
Assistant Attorney General

7